UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ISRAEL VAZQUEZ-CURET,

                                    Plaintiff,                    9:25-CV-0475
                                                                 (MAD/ML)
              v.


RENSSELAER COUNTY CORRECTIONAL
FACILITY,

                                    Defendant.

_____

APPEARANCES:                                        OF COUNSEL:

ISRAEL VAZQUEZ-CURET
Plaintiff, pro se
24-R-2799
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

## I.       INTRODUCTION

Pro se plaintiff Israel Vazquez-Curet ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 10 ("IFP Application").  The complaint asserted claims related to plaintiff's confinement at Rensselaer County Correctional Facility ("Rensselaer County C.F.") and identified Rensselaer County C.F. as the only defendant.  *See generally* Compl.

By Decision and Order filed on March 2, 2026 (the "March 2026 Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 11.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 16 ("Am Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2026 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 11 at 2-4.

### B.  Summary of Amended Complaint

The factual allegations asserted in the amended complaint are substantially the same as those in the complaint.  *Compare* Compl. *with* Am. Compl.  Plaintiff claims that his privacy rights were violated during video visits with his family because, "they can clearly see behind me and see the person behind me taking a shower[.]"  Am. Compl. at 1.

In the original complaint, the only named defendant was Rensselaer County C.F.  See Compl.  Plaintiff has not added any defendants with the amended pleading.  *See generally* Am. Compl.  Construed liberally, the amended complaint contains the following claims: (1)

violations of plaintiff's right to privacy; and (2) claims related to violations of the Prison Rape Elimination Act ("PREA").  *See id*. at 5.  Plaintiff seeks monetary damages.  *See id*.

### C.  Analysis

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued."  *Davis v. Lynbrook Police Dep't*, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); *In re Dayton,* 786 F.Supp.2d 809, 818 (S.D.N.Y. 2011); *see also Lukes v. Nassau Cnty. Jail*, No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against defendant Nassau County Jail because it "is an administrative arm of Nassau County, without a legal identity separate and apart from the County").  Since the Rensselaer County C.F. is an administrative arm of Rensselaer County, without a legal identity separate and apart from the County, it lacks the capacity to be sued.

In deference to plaintiff's pro se status, the Court has considered whether plaintiff has stated constitutional claims against Rensselaer County, the real party in interest.  *See Solis v. Cnty. of Westchester*, No. 94-CV-5102, 1995 WL 14072, at *1 (S.D.N.Y. Jan.10, 1995) (noting that the Westchester County Department of Corrections is not a legal entity and that the County of Westchester is the real party in interest); N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county.").  However, municipal liability is limited under Section 1983 by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  In *Monell,* the Supreme Court found that municipal liability existed "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."  *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).  A municipality may not be held liable solely because it employs a tortfeasor.  *See*

3

*LaVertu v. Town of Huntington*, No. 13-CV-4378, 2014 WL 2475566, at *3 (E.D.N.Y. Apr. 4, 2014) (citing *inter alia Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 35 (2010)), *adopted in relevant part,* 2014 WL 2506217 (E.D.N.Y. June 2, 2014).  Thus, a municipality is only liable for a plaintiff's injury when it actually deprives an individual of his constitutional rights through the execution of its policies.  *See Monell*, 436 U.S. at 694.

Thus, to successfully state a claim for *Monell* liability, a plaintiff must "make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality." *Missel v. Cnty. of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009) (citing *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir. 2008)).  Here, plaintiff does not allege that any acts by any individual occurred pursuant to a policy or custom of Rensselaer County C.F.  Indeed, as noted *supra*, the amended complaint does not allege that any county employees at the Rensselaer County C.F. violated plaintiff's constitutional rights.  However, even if he had, those allegations would fail to state a claim against Rensselaer County because a municipality may not be liable on the basis of respondeat superior.  *See Monell*, 436 U.S. at 691.

Furthermore, in the absence of an underlying constitutional violation, there can be no claim for municipal liability.  *See*, *e.g.*, *Segal*, 459 F.3d at 219 (noting that once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct"); *Henry-Lee v. City of New York*, 746 F.Supp.2d 546, 567 (S.D.N.Y. 2010) ("[A] prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor.").  Here, plaintiff attempts to

assert § 1983 claims for invasion of privacy and PREA violations.  *See* Am. Compl. at 5. First, there is no private right of action under the PREA.  *See Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019) (citations omitted).  Second, while the amended complaint does not contain any facts suggesting that plaintiff's right to privacy was violated because his family could "see the person behind [him] take a shower," "[n]umerous courts have held that prisoners do not have a reasonable expectation of privacy in outgoing phone calls from prison, a situation analogous to [the video visit] in this case." *Baughns v. Williams,* No. 3:21-CV-00139, 2022 WL 1215069, at *5 (M.D. Ga. Apr. 25, 2022) (internal quotation marks and citations omitted).

Accordingly, plaintiff's claims against Rensselaer County C.F. are dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Moreover, notwithstanding a very liberal interpretation of plaintiff's complaint, to the extent that plaintiff's claims could be construed to be asserted against Rensselaer County as the real party in interest, the claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,*

5

949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641 (RJP), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. Accordingly, the Court finds that any further amendment would be futile.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 16) is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated:  May 29, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

6